BEA, Circuit Judge,
concurring in part and dissenting in part:
I join Parts I through III of the majority opinion. This circuit’s case law requires that we hold Tsosie did not waive his right to appeal the restitution order because he was not aware of the restitution amount at the time he entered the plea agreement on the child molestation charges. United States v. Gordon, 393 F.3d 1044, 1050 (9th Cir.2004). Further, the victim’s mother in this case may receive restitution under 18 U.S.C. § 2248. In Part IV, however, the majority holds the district court erred in *1224 awarding restitution based on a detailed spreadsheet from the victim’s mother to which the defendant never objected, save for a vague statement by defense counsel that “sufficient evidence ha[d] [not] been provided.” To this holding, I respectfully dissent.
A district court’s restitution order is reviewed for abuse of discretion. Gordon, 393 F.3d at 1051. As noted by the majority, the amount of restitution must be proven by a preponderance of the evidence. 18 U.S.C. § 3664(e). In this case, the only evidence presented as to the proper amount of restitution was a detailed, 11-page spreadsheet provided by the victim’s mother and included as part of the Presentence Investigation Report (“PSR”). As conceded by counsel at oral argument in this court, Tsosie had received the spreadsheet at issue over a week before the sentencing hearing in the district court, yet filed no objection or contrary evidence. At the sentencing hearing, defense counsel confirmed he had reviewed the PSR. The district court judge asked whether defense counsel believed there were “[a]ny errors or objections in that report.” Defense counsel responded: “No, Your Honor.” At sentencing, upon the victim’s mother’s request for restitution, defense counsel stated:
Your Honor, I don’t believe the request is appropriate in this case. I certainly don’t believe sufficient evidence has been provided. We have received a list of travel but I would imagine that there would be some visitation on behalf of the mother, at least I would like to believe that, and that the child, at least on occasion, would go home at least for holidays and other occasions.
It was our understanding from reading the discovery that initially when these disclosures were made that there was very little travel at least on the victim’s part to go home and she had spent the majority of the time at the school that she was living [sic].
Your Honor, if the Court’s inclined to impose that amount of restitution, we would ask that a hearing be set and further documentation be provided.
This is not an objection to the spreadsheet’s authentication, relevancy, foundation, or specificity. Instead, this is simply an “objection” to the weight of the evidence. Tsosie did not make an offer of proof as to what might be shown in an evidentiary hearing. Indeed, Tsosie provided the district court with no reason to doubt the veracity of the itemized spreadsheet provided by the victim’s mother.
The majority hangs its hat on the fact that “the spreadsheet contained a number of oddities that the District Court did not acknowledge.” Maj. Op. at 1222. As an initial matter, and most importantly, none of these purported oddities were ever raised in the district court as a reason for rejecting the victim’s mother’s spreadsheet. A district court can hardly be faulted for failing to acknowledge oddities which were mentioned for the first time on appeal. Second, the majority indulges in appellate fact-finding on a cold record. We have been told repeatedly that fact-finding is the trial court’s province. See, e.g., Rice v. Collins, 546 U.S. 333, 339-42, 126 S.Ct. 969, 163 L.Ed.2d 824 (2006); Li v. Ashcroft, 378 F.3d 959, 964 n. 1 (9th Cir.2004) (“My brother and I differ on what is the appropriate appellate function. He would retry. I am content to review.”).
The majority points out that approximately half of the trips were 600 miles, and that the description implies that — on a single day — the mother picked her daughter up from school, drove her home, and then returned the daughter to her school. The majority contends that “[o]ne is likely supposed to understand that the mother made two round trips ... on the same *1225 day,” which is a “strange way to provide ‘emotional support’ of a loved family member.” Maj. Op. at 1223. The simpler, and more likely answer, however, is that on these weekends, the mother drove to the daughter’s school in Flagstaff and brought the victim home to Kaibeto at the beginning of the weekend, and then drove the daughter back to school at the end of the weekend, but made only one entry in the spreadsheet. This conduct is entirely consistent with the treatment plan’s terms, which “ordered that the minor’s mother to [sic] travel to her daughter’s dorm, pick up her daughter or visit her daughter at the dorm each weekend.” The district court could have so found without being “illogical, implausible, or without support in inferences that may be drawn from facts in the record.” United States v. Hinkson, 585 F.3d 1247, 1251 (9th Cir.2009) (en banc), cert. denied, - U.S. -, 131 S.Ct. 2096, 179 L.Ed.2d 890, 2011 WL 1457546 (Apr. 18, 2011).
The majority next notes that several of the entries should not have been included as part of the restitution award, specifically: (1) several entries which were not followed by an asterisk indicating that the expense was incurred as part of the treatment plan; (2) one entry which states the victim took a bus, yet the trip mileage was calculated at the IRS rate for a private vehicle; and (3) some trips that occurred more than weekly — the frequency for which the treatment plan called. Maj. Op. at 1222-23. The majority overemphasizes the effect of these discrepancies. The spreadsheet as a whole contained 139 entries covering 62,420 miles. These “problem” entries accounted for only 19 entries and 6,620 miles. It is no wonder the district court did not recognize these “oddities” when presented with a spreadsheet to which no party objected, considering Tsosie did not even mention them until his appeal to this court.
The spreadsheet provided by the victim’s mother was highly detailed, recounting trips to visit her daughter over the course of five years. One would expect a few inaccuracies or confusing entries. Tsosie failed to object to the spreadsheet prior to sentencing, objected at sentencing only to the spreadsheet’s weight, presented no countervailing evidence to cast doubt on the veracity of the spreadsheet, and pointed out none of the “oddities” now recognized on appeal. Cf. United States v. Andrews, 600 F.3d 1167, 1172 (9th Cir.2010) (holding the district court abused its discretion in ordering restitution when it rejected contrary evidence provided by the defendant). Given this, the district court did not abuse its discretion in concluding the spreadsheet “possesse[d] sufficient indicia of reliability to support its probable accuracy” and was adequate to establish the victim’s mother’s loss by a preponderance of the evidence. United States v. Waknine, 543 F.3d 546, 556-57 (9th Cir.2008) (internal quotation marks omitted). I would affirm the district court’s restitution order, and therefore I dissent.